IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVIE ANDRE ROBERSON | § | |
| v. | § | CIVIL ACTION NO. 6:23cv235 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Stevie Andre Roberson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Petitioner states that on August 1, 2013, he received a 25 year sentence in the 114th Judicial District Court of Smith County, Texas, for failure to register as a sex offender. He waived his right to direct appeal, but sought habeas corpus relief in state court. This petition was denied on June 24, 2015.

On February 23, 2016, Petitioner states that he sought federal habeas corpus relief. The petition was dismissed as barred by the statute of limitations, and his appeal was dismissed through denial of a certificate of appealability. He sought certiorari from the U.S. Supreme Court, but this also was denied. In 2021, Petitioner filed a rule 60(b) motion for relief from judgment, which was denied, and he was again denied a certificate of appealability from the Fifth Circuit.

In the present habeas petition, Petitioner asserts that: (1) the sex offender registration statute denies equal protection because it only applies to a reportable conviction after September 1, 1970,

1

and exempts convictions prior to that date; (2) the sex offender statute as applied to him violates he Ex Post Facto Clause; and (3) the state district court lacked subject matter jurisdiction to convict him. For relief, Petitioner asks for a declaratory judgment, that his conviction be vacated, and that he be released from confinement.

As Petitioner acknowledges, this is the second habeas petition which Petitioner has filed concerning this same conviction. In *Roberson v. Director, TDCJ-CID*, civil action no. 6:16cv104, Petitioner challenged his failure to register as a sex offender conviction from August 1, 2013, in the 114th Judicial District Court of Smith County, Texas. He asserted that the conviction was unlawful because: his rape conviction was discharged in 1986, before the registration statute was enacted; requiring him to register as a sex offender violates the Ex Post Facto Clause and amounts to double jeopardy; requiring him to register is cruel and unusual punishment; and he received ineffective assistance of counsel. The petition was dismissed on June 13, 2017, as barred by the statute of limitations. Petitioner appealed this dismissal and on April 10, 2018, the Fifth Circuit denied a certificate of appealability and leave to proceed *in forma pauperis* on appeal. *Roberson v. Davis*, slip op. no. 17-40681 (5th Cir., April 10, 2018).

On December 27, 2021, some three and a half years later, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). This motion was denied on March 3, 2022, and Petitioner appealed this denial. On August 4, 2022, the Fifth Circuit denied a certificate of appealability from the Rule 60 (b) motion. *Roberson v. Lumpkin*, slip op. no. 22-40147 (5th Cir., August 4, 2022).

28 U.S.C. §2244(b)(3) provides that before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The on-line records of the Fifth Circuit Court of Appeals show that Petitioner has unsuccessfully sought permission to file a successive petition on three separate occasions. In the first of these, *In re Roberson*, slip op. no. 19-40204 (5th Cir., April 24, 2019), permission to file a

successive petition was denied. In the second, slip op. no. 22-40170, Petitioner moved to close the case because he had a pending appeal, and it was closed on April 12, 2022. In the third, slip op. no. 22-40294, Petitioner was ordered to furnish a copy of the proposed petition he intended to file in the district court, and when he did not comply, the case was dismissed on July 7, 2022.

Until Petitioner receives permission from the Fifth Circuit Court of Appeals to file a successive petition, as set out in 28 U.S.C. §2244(b)(3), the district court lacks jurisdiction to consider his claims in a new habeas petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Petitioner's present habeas petition should be dismissed until such time as leave to file a successive petition is granted by the Fifth Circuit.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may only issue if the prisoner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2); *Buntion v. Lumpkin*, 982 F.3d 945, 948 (5th Cir. 2020). In order to make that showing, the petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 137 S.Ct. 759, 773, 197 L.Ed.2d 1 (2017). The Fifth Circuit's review is not a full consideration of the factual or legal bases adduced in support of the petitioner's claims, but rather an examination of whether the district court's decision was debatable. *Buntion*, 982 F.3d at 948, citing *United States v. Davis*, 971 F.3d 524, 530 (5th Cir. 2020).

When a certificate of appealability is denied because of a procedural default in state court, the applicant must further demonstrate that reasonable jurists could disagree with the procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has not shown, nor does the record indicate, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that the Court lacks jurisdiction because he has not obtained leave from the Fifth Circuit to file a successive petition. Consequently, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. 28 U.S.C. §2244(b)(3). Petitioner may not refile this petition without first obtaining such leave, and the dismissal of this petition shall have no effect upon his right to seek permission from the Fifth Circuit to file a second or successive petition or to pursue such a petition in the event that permission is granted. It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and likewise having no effect upon Petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or

general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

 Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

 **So ORDERED and SIGNED this 17th day of May, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE