IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STEVIE ANDRE ROBERSON, § § § | |
| Petitioner, § § | |
| v. § | Case No. 6:23-cv-235-JDK-JDL |
| § | |
| DIRECTOR, TDCJ-CID, § § | |
| Respondent. § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Stevie Andre Roberson, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On May 17, 2023, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case as an improper successive petition under 28 U.S.C. § 2244(b)(3). Docket No. 5. The Report noted that because Petitioner has not received permission for a successive petition from the Fifth Circuit, this Court lacks jurisdiction to consider these claims. Petitioner filed objections. Docket No. 7.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the

Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner contends that he is not challenging the legality of his conviction, but rather the execution of his sentence under 28 U.S.C. § 2241. Docket No. 7 at 1. However, the grounds for relief in his petition implicate the validity of his conviction, not merely the manner in which his sentence is executed. *See* Docket No. 1 at 6–7 (stating his grounds as: (1) the Texas sex offender registration statute denies equal protection because it only applies to offenses occurring after September 1, 1970; (2) the statute punished as a crime an act which when committed was innocent, increased the punishment for that act, and applied retroactively in violation of the Ex Post Facto Clause; and (3) the state district court lacked subject matter jurisdiction to accept his guilty plea to a charge obtained in violation of the Constitution). Accordingly, the Magistrate Judge correctly determined that Petitioner's habeas corpus petition is successive and thus cannot proceed absent permission from the Fifth Circuit.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 7) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 5) as the opinion of the District

Court.  Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained.  Further, the Court **DENIES** a certificate of appealability as to a direct appeal of this case, but with no effect on Petitioner's right to seek permission from the Fifth Circuit for a successive petition.

So **ORDERED** and **SIGNED** this **17th** day of **October, 2023.**

*(signature)*
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE